IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALBERTA BYRD BRENNAN, : <br> ETHYL L. WYCHE, SHARON D. MOORE, : <br> ROBIN BRIDGES JOHNSON, BRENDA : <br> GRAVES, NAOMI L. MOMENT, and : <br> DEBORAH REID, : <br> : <br> Plaintiffs, : <br> : <br> v. : <br> : <br> ACE INA HOLDINGS, INC., : <br> INSURANCE COMPANY OF : <br> NORTH AMERICA, BRANDYWINE : <br> HOLDINGS, and CENTURY INDEMNITY, : <br> : <br> Defendants. : | Civ. Act. No. 00-CV-2730 |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO STAY
ARBITRATION PENDING RESOLUTION OF
OUTSTANDING PETITION FOR PERMISSION TO APPEAL**

Defendants respectfully submit this Opposition to Plaintiff's Motion to Stay Arbitration Pending Resolution of Outstanding Class Issues.

1.  Admitted.

2.  Admitted.

3.  Admitted.

4.  Paragraph 4 of Plaintiffs' Motion is a characterization of pleadings or orders to which no responsive pleading is required.

5.  Admitted.

6.  Admitted.

1056305v1

7. Admitted in part, denied in part. Plaintiffs merely contended that the arbitrator should decide whether a class action could proceed under this arbitration agreement, not whether "this particular case" should be determined on a class or individual basis.

8. Admitted in part, denied in part. The Court left for the arbitrator the issue of whether there could be class action in arbitration under these arbitration agreements.

9. Admitted in part, denied in part. Following his selection as arbitrator, Arbitrator Colflesh, with full agreement of the parties, made the first issue for resolution whether there could be class action in arbitration under these arbitration agreements. After briefing had commenced, Plaintiffs contended for the first time that the court had already resolved the issue of whether there could be class action in arbitration under these arbitration agreements, leaving only the issue of certification in this particular case to the arbitrator.

10. Denied. Arbitrator Colflesh's Opinion and Award is not contrary to the Court's Order, and in fact is consistent with it. Arbitrator Colflesh correctly found that the Court had not resolved the issue of whether there could be class action in arbitration under these arbitration agreements. After extensive briefing and based upon detailed reasoning, Arbitrator Colflesh concluded that there could be no class action in arbitration under these arbitration agreements.

11. Admitted in part, denied in part. Defendants admit that Plaintiffs filed a Motion To Vacate Or, In The Alternative, Modify The Award Of Arbitrator Ralph H. Colflesh, Jr. Defendants further admit that they filed a Response to this Motion. Defendants deny that this motion is currently awaiting disposition of this Motion. To the contrary, this Court denied Plaintiffs' Motion on June 22, 2004.

12. It is admitted that Arbitrator Colflesh initially issued a notice of hearing for the weeks of March 8-12 and March 15-19, 2004. No notice issued by the Arbitrator or the

American Arbitration Association ("AAA") properly predicated such hearings on any decision by the Court. Although one letter from an AAA administrator incorrectly stated that the action was being held in abeyance pending resolution of the Motion to Vacate or Modify (Exhibit C to the Motion to Stay Arbitration), this same administrator quickly corrected himself in the letter of October 27, 2003 that is Exhibit A hereto, and noted that the arbitration had not been held in abeyance.

13.  Admitted.

14.  Admitted.

15.  Admitted in part, denied in part. Defendants admit that the parties continued to conduct individual discovery by agreement and that Plaintiffs did not conduct any class discovery. Defendants deny that the June 18, 2003, Motion was resolved in Plaintiffs' favor. To the contrary, this Court denied Plaintiffs' Motion on June 22, 2004.

16.  It is admitted that Arbitrator Colflesh in the May 26, 2004, hearing declined to grant Plaintiffs' motion to postpone the scheduled July hearing dates, such motion being based upon the pendency of the Motion to Vacate or Modify.

17.  Admitted.

18.  Admitted.

19.  Admitted in part, denied in part. Defendants admit that on June 30, 2004, Plaintiffs filed a Petition for Permission to Appeal this Court's June 22, 2004, Order denying their Motion to Vacate Or, In The Alternative, Modify The Award Of Arbitrator Ralph R. Colflesh, Jr. Defendants deny the remaining averments contained in this paragraph, as same constitute a characterization of pleadings or orders to which no responsive pleading is required.

19. [**sic**]	Denied.  If the hearings are held before the pending Petition for Permission to Appeal is resolved, it will nonetheless be within the discretion of Arbitrator Colflesh to determine the scope of the evidence allowed.  If the pending Petition for Permission to Appeal ultimately is denied, as Defendants believe is should and will be, then there would be no adverse effect on any party to holding the hearings as planned.

20. [**sic**]	Denied.  The issue of class arbitration was properly before Arbitrator Colflesh.  If the hearings proceed as scheduled, then there will be no prejudice to any party.  Even if the pending Petition for Permission to Appeal was granted, the two weeks of hearings focused on the seven named Plaintiffs' claims would be of value and would not waste anyone's resources or abridge anyone's rights.

21. [**sic**]	Denied.  As stated more fully in the supporting Memorandum in Opposition, Defendants likely will be prejudiced if the hearing in this matter is delayed further, as Plaintiffs request.

WHEREFORE, Defendants respectfully request that the instant Motion be denied.

	/s/
Edward T. Ellis
Daniel P. O'Meara
L. Kristen Blanchard
Montgomery, McCracken, Walker & Rhoads, LLP
123 South Broad Street
Philadelphia, PA  19109
(215) 772-1500

Attorneys for Defendants
ACE INA Holdings, et al.

Dated:  July 2, 2004

5

**CERTIFICATE OF SERVICE**

I, L. Kristen Blanchard, this 2nd day of July, 2004, caused to be served by hand delivery, upon the following counsel a true and correct copy of the foregoing document:

>Alan B. Epstein, Esquire
>Spector Gordon & Rosen, P.A.
>Seven Penn Center
>1635 Market Street
>7th Floor
>Philadelphia, PA  19103

>                            /s/
>L. Kristen Blanchard

1056305v1