IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALBERTA BYRD BRENNAN et al. | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 00-2730 |
| | : | |
| CIGNA CORPORATION | : | |

**MEMORANDUM AND ORDER**

**Juan R. Sánchez, J.**                                                                                           **November 9, 2006**

      The narrow question in this case is whether an arbitrator's award to two African-American employees of Cigna Corp. is within the scope of arbitration. Cigna and its successor, ACE Insurance Holdings Inc., argue the award is based on a finding of a hostile workplace, a question not before the arbitrator. I agree with the employees the award is grounded in their complaint of discriminatory treatment and will confirm the arbitrator's decision.

**FACTS**

      Alberta Byrd Brennan instituted this case against Cigna Insurance in May, 2000. In September, 2000, six other African American employees of the company now known as ACE INA Holdings, Inc. joined Brennan in filing an Amended Complaint. The seven plaintiffs sought class status, which was ultimately denied, and the case proceeded to arbitration as demanded by Cigna/ACE.[1]

      In the Amended Complaint Ethyl L. Wyche, a major claims representative, alleges she started

---

[1] On June 8, 2001, this Court found the seven Plaintiffs bound by their agreement to arbitrate work place disputes.

1

at a grade lower than her white counterparts and was denied promotions offered white employees with less experience. Wyche argued CIGNA engaged in a "pattern and practice of discrimination based on race." Am. Comp. 19. Wyche alleged the pattern and practice of discrimination continued after ACE Holdings acquired Cigna.

Deborah Reid, the other successful claimant, was a major claims specialist with 20 years experience in the industry. She too was hired at one grade level lower than less experienced white employees and promoted less quickly. Reid had to file a discrimination charge with the Equal Employment Opportunity Commission before she was promoted; even after promotion, her salary was less than that of less-experienced white employees. ACE Holdings purchase of Cigna did nothing to relieve "the pattern and practice of discrimination based on race in terms and conditions of employment of black employees regarding salary, benefits, performance evaluations, promotions, and merit increases." Am. Comp. 39.

The arbitrator heard evidence for 19 days between January and November, 2005. The Award of the Arbitrator is:

> The claims of Ethyl Wyche and Deborah Reid relating to discriminatory treatment are sustained, and those Claimants shall be awarded $25,000 each for emotional damages. All other claims for these Claimants and all other Claimants are denied.

Award of Arbitrator, June 20, 2006.

The arbitrator also wrote a 54-page opinion detailing each claim for each of the seven women. The only two claims he found meritorious were those of Wyche and Reid, who were both mistreeated by the same supervisor on the basis of their race. The arbitrator found no grounds for believing Wyche's salary lag was based on anything other than her less developed skills. But, the arbitrator went on to find her "claims of a hostile environment are a different matter." Arbitrator's

Op. 39. The arbitrator found Wyche's supervisor, Nancy Tarman-Black, frequently spoke to Wyche in a condescending and belittling tone which Black did not use with white employees. The arbitrator found Wyche "to have been the victim of a racially hostile environment." Arbitrator's Op. 40. "Black's verbal treatment . . . of Wyche [would be] offensive to any employee." Arbitrator's Op. 39. Wyche's testimony amply supports the arbitrator's findings.

With regard to Reid, the arbitrator also found no salary discrimination, but did find her claim of "racial hostility and discriminatory treatment . . . another matter." Arbitrator's Op. 42. After again analyzing Black's demeanor toward her subordinates, the arbitrator concluded "the African-American women were subject to racially disparate treatment." *Id.* The arbitrator found credible Reid's testimony she felt demeaned by Black.

In its appeal, Cigna/ACE argues the finding of discriminatory treatment is outside the scope of arbitration and asks this Court to vacate the award.

**DISCUSSION**

This Court may vacate an arbitrator's award only if the arbitrator were dishonest or exceeded his authority. 9 U.S.C. § 10(a)(4).[2] Under the Federal Arbitration Act, courts are not authorized to

---

[2] **9 U.S.C. § 10. Same; vacation; grounds; rehearing**
  **(a)** In any of the following cases the United States court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration--
    **(1)** where the award was procured by corruption, fraud, or undue means;
    **(2)** where there was evident partiality or corruption in the arbitrators, or either of them;
    **(3)** where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
    **(4)** where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

review the arbitrator's decision on the merits despite allegations that the decision rests on factual errors or misinterprets the parties' agreement. *United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc.*, 484 U.S. 29, 31 (1987). If an "'arbitrator is even arguably construing or applying the contract and acting within the scope of his authority,' the fact that 'a court is convinced he committed serious error does not suffice to overturn his decision.'" *Eastern Associated Coal Corp. v. Mine Workers*, 531 U.S. 57, 62 (2000) (quoting *Misco*, 484 U.S. at 38). This Court is "not free to vacate an award merely because [I] view[] the merits differently." *United Steelworkers of Am. v. Enterprise Wheel & Car,* 363 U.S. 593, 596 (1960). Only when the arbitrator strays from the agreement and "dispense[s] his own brand of industrial justice" is his decision unenforceable. *Enterprise Wheel*, 363 U.S. at 597.

A court may vacate an arbitrator's award only "if it is entirely unsupported by the record or if it reflects a manifest disregard of the agreement." *Exxon Shipping Co. v. Exxon Seamen's Union*, 73 F.3d 1287, 1291 (3d Cir. 1996). "An arbitrator's decision need be neither wise nor internally consistent." *Id*. at 1297. The decision is "subject to a standard of only minimal rationality." *Citgo Asphalt Refining Co. v. Paper, Allied-Indus., Chemical and Energy Workers Intern. Union Local No. 2-991*, 385 F.3d 809, 816 (3d Cir. 2004). An arbitrator's "interpretation of the issue submitted" is also entitled to deference. *Matteson v. Ryder System Inc.*, 99 F.3d 108, 113 (3d Cir. 1996).

Cigna/ACE moves to vacate on grounds the finding of a hostile work environment is beyond the scope of arbitration. Cigna/ACE compares this case to *Matteson*, 99 F.3d at 114-115, in which the Third Circuit reversed a district court, holding the arbitrators's decision was outside the scope of arbitration. In *Matteson*, the Third Circuit affirmed the district court which found "absolutely no

support at all in the record justifying the arbitrator's determinations." *Matteson*, 99 F.3d at 112. The Third Cirudit vacated the award in *Matteson* because the arbitrator decided issues for which there was no support in the record and were not submitted to by the parties. *Matteson*, 99 F.3d at 115. Cigna/ACE also cites *Roadway Package Systems Inc. v. Kaiser*, 257 F.3d 287, 300-02 (3d Cir. 2001), in which a district court was affirmed when it held a damages award was outside the arbitrator's purview. Cigna/ACE argues the arbitrator's Award is outside the scope of arbitration because this case was brought as one of disparate treatment, not hostile work place.

Plaintiffs reply the finding is within the scope of arbitration and should be affirmed because this Court must look at the wording of the Award, not the opinion. *United Parcel Service, Inc. v. Teamsters*, 55 F.3d 138, 141 (3d Cir. 1995) (holding the language of the Award "trumps" the language in the opinion). This holding is confirmed by *Enterprise Wheel*, 363 U.S. at 598, which holds ambiguity in an opinion is not reason to vacate an award.

Cigna/ACE counters *Roadway Package* allows this Court to find an arbitrator exceeded his authority based on the written opinion. 257 F.3d at 301. In *Roadway Package*, the arbitrator found the employer's procedure for terminating a contract was unfair. *Id.* The Third Circuit affirmed the district court which held the scope of the arbitrator's authority only went to deciding whether the termination procedure had been followed not to deciding whether the procedure was fair or not. *Id.*

The Third Circuit, however, cautions "against exploiting 'an ambiguity' in an arbitrator's decision to support 'an inference' that he or she exceeded his or her authority." *Roadway Package*, 257 F.3d at 301, *citing NF&M Corp. v. United Steelworkers of Am.*, 524 F.2d 756, 759 (3d Cir.1975).

The Third Circuit standard is:

We distill the following principles from our precedents: (1) a reviewing court should

5

presume that an arbitrator acted within the scope of his or her authority; (2) this presumption may not be rebutted by an ambiguity in a written opinion; but (3) a court may conclude that an arbitrator exceeded his or her authority when it is obvious from the written opinion.

*Roadway Package*, 257 F.3d at 301.

Applying the Third Circuit's standard to the arbitrator's award and decision in this case, I find the arbitrator's award is sufficiently related to the Amended Complaint that it falls within the scope of arbitration. The imprecise language of the Arbitrator's Opinion may create an ambiguity but does not make it obvious the arbitrator exceeded his authority. Evidence in the record supports the arbitrator's decision. For that reason, I will confirm the award of the arbitrator. An appropriate order follows.